UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL P. MOORE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00190-NT |
| | ) | |
| WELLPATH, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, alleges that he has received inadequate medical care at the prison. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed a motion to proceed without prepayment of fees and costs (ECF No. 3), which motion the Court granted. (Order, ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because she is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that due to a back problem that he has had for more than ten years, he requires a certain medication to control the related pain. Despite his requests for the medication, the prison medical providers have failed to give him the medication. Instead, he has received a less effective medication. Plaintiff also asserts that medical personnel have not granted his request for a second opinion.

**LEGAL STANDARD**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or

fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The Eighth Amendment, which prohibits cruel and usual punishments, governs the jail's obligation regarding the conditions of confinement for sentenced inmates, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while individuals are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing,

shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

The Due Process Clause imposes on the states the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs," *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–106 (1976)). To be actionable, a deliberate indifference claim must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011).

The objective standard focuses on the seriousness of the risk of harm to the inmate's health. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is serious if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991).

The subjective standard involves the culpability of the defendant. To establish liability, a plaintiff must establish that a defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S.

at 834 (internal quotation marks omitted).  Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).  The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response."  *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).  In other words, the subjective standard focuses on whether the defendant had a "purposeful intent" to neglect the plaintiff's serious medical needs.  *Perry v. Roy*, 782 F.3d 73, 79 (1st Cir. 2015) (citing *Estelle,* 429 U.S. at 105).  A showing of such an intent requires evidence that the alleged absence or inadequacy of treatment was intentional.  *Id.* (citing *Estelle*, 429 U.S. at 105 (holding that "an inadvertent failure to provide adequate medical care" is not a constitutional violation), and *Watson,* 984 F.2d at 540 ("The courts have consistently refused ... to conclude that simple medical malpractice rises to the level of cruel and unusual punishment.")).  "The typical example of a case of deliberative indifference would be one in which treatment is denied in order to punish the inmate."  *Id.* (internal quotation marks omitted).  However, a showing of "wanton disregard" will also raise a genuine issue for trial.  *Id.* (quoting *Battista v. Clarke,* 645 F.3d 449, 453 (1st Cir. 2011)).

Plaintiff's allegation that he has a back condition that has caused him daily pain for more than ten years is likely sufficient to establish a serious medical need for purposes of this preliminary review.  The alleged disagreement regarding Plaintiff's need for a certain medication, however, does not satisfy the subjective standard.  *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987) ("Where the dispute concerns not the absence of help, but the choice

of a certain course of treatment, or evidences mere disagreement with considered medical judgment" the Eighth Amendment does not allow courts to "second guess the doctors"). "A finding of deliberate indifference requires more than a showing of negligence." *Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff has not alleged sufficient facts to support a finding that the medical personnel at the prison had the requisite state of mind necessary to satisfy the subjective prong of the deliberate indifference standard. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of June, 2025.